UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

LATONYA WIGGINS,                )
                                )
        Plaintiff,               )
                                )
vs.                             )   No.:
                                )
AMORITA DENISE ETHERIDGE,       )
                                )
        Defendant.              )

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Plaintiff is a citizen of Georgia who resides in Rome, Georgia.

3. Defendant operates a business in Calhoun, Georgia called "Peaceful Mind In-Home Care." Defendant's business is a provider agency that provides home care for senior and disabled clients.

4. Plaintiff was employed by Defendant as an in-home care provider for one of Defendant's client's from approximately August 20, 2021 through

September 2, 2021. Plaintiff worked at the client's home in Calhoun, Georgia.

5. Defendant agreed to pay Plaintiff on an hourly basis at a rate of $10.00 an hour. Defendant agreed to pay Plaintiff a reduced rate of $7.75 an hour for the time Plaintiff spent during sleeping hours while staying at the client's home overnight.

6. During two workweeks while she was employed by Defendant, Plaintiff worked overtime hours of more than 40 per workweek.

7. During one workweek while she was employed by Defendant, Plaintiff worked regular hours of fewer than 40 hours.

8. Plaintiff's employment with Defendant ended or about September 3, 2021.

9. Defendant never paid Plaintiff any compensation whatsoever for the work she performed for Defendant.

**Count 1—Violation of Fair Labor Standards Act—Overtime Violations**

10. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-9 above.

11. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

12. Plaintiff was an "employee" of Defendant as defined by Section

203(e)(1) of the FLSA.

13. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

14. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

15. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

16. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

17. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

18. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**Count 2—Violation of Fair Labor Standards Act—Minimum Wage Violations**

19. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-18 above.

20. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendant was required to pay Plaintiff a minimum wage of at least $7.25 an hour during each workweek of her employment.

21. Defendant's failure to pay Plaintiff any compensation for the work she performed is a violation of Section 206(a)(1)(C) of the FLSA.

22. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for back pay in the amount of the minimum wages she is owed.

23. In addition to the amount of unpaid minimum wages owing to Plaintiff, she is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

24. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## Count 3—Breach of Contract Under Georgia State Law

25. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-24 above.

26. Defendant's agreement to pay Plaintiff $10.00 an hour and $7.75 an hour for her work while she was employed by Defendant was an enforceable contract under Georgia law.

27. By failing to pay Plaintiff any compensation for the work she

performed, Defendant breached her contract with Plaintiff.

28.     As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation she failed to receive for her work—beyond the minimum wages she is owed for that work pursuant to the FLSA—at her agreed-upon rates of $13.00 and $7.75 an hour.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a)  minimum wage back pay;

(b)  overtime back pay;

(c)  liquidated damages in an amount equal to her minimum wage and overtime back pay;

(d)  unpaid wages as damages resulting from Defendant's breach of contract;

(e)  interest;

(f)  reasonable attorney's fees and costs;

(g)  all other general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff